108 F.3d 1379
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kevin E. MURTAUGH, Plaintiff-Appellant,
v.
William E. BROWAND and the City of New Haven, Indiana,
Defendants-Appellees.
 No. 96-1281.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 25, 1997.*
Decided March 4, 1997.
 
 Before CUMMINGS, EASTERBROOK, and RIPPLE, Circuit Judges.
 
 Order
 
 1
 William Browand, a police officer in New Haven, Indiana, arrested Kevin Murtaugh at his home in Fort Wayne after an investigation revealed that Murtaugh had unauthorized possession of a car owned by a New Haven dealership. A jury convicted Murtaugh of receiving stolen property, and he was sentenced to three years in prison. Now he wants Browand and the City of New Haven to pay him damages.
 
 
 2
 To the extent Murtaugh complains about Browand's role in initiating the prosecution, this suit is barred by Heck v. Humphrey, 512 U.S. 477 (1994). His arguments, if accepted, would be incompatible with the validity of his conviction. The district court's treatment of this subject does not require elaboration.
 
 
 3
 To the extent Murtaugh complains about the arrest itself, Heck is not an obstacle, see Homola v. McNamara, 59 F.3d 647 (7th Cir.1995), but Murtaugh fails because he has not made out a violation of the Constitution. Whether officer Browand exceeded his powers under state law by making an arrest outside his jurisdiction is neither here nor there. The fourth amendment does not enforce state law. The constitutional question is whether the officer had probable cause. United States v. Watson, 423 U.S. 411 (1976). To support an entry of a dwelling to effect an arrest, the officer also needs consent, a warrant, see Payton v. New York, 445 U.S. 573 (1980); Steagald v. United States, 451 U.S. 204 (1981), or exigent circumstances. Officer Browand acted on the basis of probable cause, and Murtaugh does not contend that the entry into his home, which was apparently consensual, required an arrest warrant. So far as the federal Constitution is concerned, no more is necessary.
 
 
 4
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)